IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GLORIA ORTEGA,**

    **Plaintiff,**

**v.**                                              **CIV. No. 00-1414 JP/RLP**

**PATRICIA MADRID, ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO, in her
individual and official capacities and SANDRA
WATTS, in her individual and official capacities,**

    **Defendants**.

## MEMORANDUM OPINION AND ORDER

On December 15, 2000 Defendant Madrid filed a motion to dismiss (Doc. No. 9) under Federal Rule of Civil Procedure 12(b)(6). Defendant Madrid's motion, which is actually one for partial dismissal, will be granted.[1]

**I.     Background**

The factual allegations as taken from the complaint and the briefs are as follows: Plaintiff Gloria Ortega was employed as an Investigator in the New Mexico Attorney General's Medicaid Fraud Control Unit from October 1999 until her termination in September 2000. During Plaintiff's employment, the Medicaid Fraud Control Unit implemented a policy of billing Medicaid providers that the Unit had investigated for the investigation costs. In mid-2000, Plaintiff became aware of a discrepancy between investigation costs billed to a Medicaid provider and the lower

---

[1] Although it is apparent from Defendant Watts' answer that she believes she is entitled to many of the same defenses which Defendant Madrid asserts, Defendant Watts did not join Defendant Madrid's motion and did not file her own motion to dismiss.

actual investigation costs incurred by the Unit.  Following Plaintiff's discovery of the overbilling, Plaintiff in August 2000 wrote and/or sent a letter to Defendant Madrid informing her of the overbilling.  Plaintiff's supervisor, Defendant Watts, an Assistant Attorney General, responded to Plaintiff's letter by denying the truth of Plaintiff's allegation and accusing Plaintiff of having ulterior motives.  On September 27, 2000 Plaintiff was terminated.

On October 11, 2000 Plaintiff filed a complaint with two numbered counts and requests for damages and attorney's fees.  Plaintiff alleges in count I that Defendants violated her rights under the First Amendment of the United States Constitution and Article II, Section 17 of the New Mexico Constitution, by retaliating against her in response to Plaintiff's exercise of her right to free speech.  Plaintiff alleges in count II that under New Mexico common law Defendants wrongfully terminated Plaintiff for speaking about matters which she was obliged to expose under New Mexico and federal law.  Defendant Madrid now moves to dismiss parts of count I and the entirety of count II on the ground that they fail to state claims upon which relief can be granted.

**II.     Standard**

In considering a motion under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim, the court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor.  See Swanson v. Bixler. 750 F.2d 810, 813 (10th Cir. 1984).  The issue before a court considering a motion to dismiss is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A complaint may be dismissed only if it appears to a certainty that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**III.     Discussion**

Defendant Madrid asks the court to dismiss three of Plaintiff's claims.  First, Defendant Madrid moves to dismiss Plaintiff's claim in count I for money damages asserted against her in her official capacity because § 1983 does not authorize official capacity suits for money damages.  Second, Defendant Madrid moves to dismiss Plaintiff's count II wrongful termination claim on the ground that state employees acting within the scope of their duties are immune from a wrongful termination tort claim under the circumstances of this case.  Third, Defendant Madrid moves to dismiss any claim for an alleged violation of the New Mexico Constitution on the ground that § 1983 does not authorize suits for violations of state rights and that the State of New Mexico is immune from a state constitutional claim under the circumstances of this case.

**A.     Claim for money damages under 42 U.S.C. § 1983**

42 U.S.C. § 1983 enables plaintiffs to sue "persons" who violate the plaintiff's federal rights.  Although it is unclear, Plaintiff in count I may be asserting a claim against Defendants in their official capacities for money damages under § 1983.  Defendant Madrid points out that the law is now well-settled that state officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983, and are thus immune from damage suits under the statute.  See Will v. Michigan Department of State Police, 491 U.S. 58, 64 (1989).  Plaintiff acknowledges the standard in Will, agrees that an official capacity suit for damages is barred, but argues that her § 1983 claim is brought against Defendant Madrid in her individual capacity.[2]  Any § 1983 claim against Defendant Madrid in her official capacity for monetary damages will

---

[2] Plaintiff also states that she is contemplating requesting a type of relief for which Defendant Madrid would properly be sued in her official capacity.  To date, Plaintiff has not sought leave to amend.

3

therefore be dismissed.[3]

### B.   Wrongful termination under New Mexico law

The State of New Mexico is not liable for the wrongful acts of its officials, except in certain instances. N.M. Stat. Ann. § 41-4-4(A) (2000 Cum. Supp.). One of these is when "law enforcement officers . . . acting within the scope of their duties" commit any of a number of specified torts or cause "violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico . . . ." N.M. Stat. Ann. § 41-4-12 (1996 Repl. Pamp.). Defendant Madrid contends that Plaintiff cannot recover against her for the tort of wrongful termination, for two reasons. Defendant Madrid's first position is that she is not a law enforcement officer as that term is used in section 41-4-12, which is a part of the New Mexico Tort Claims Act. Second, Defendant Madrid takes the position that the tort of wrongful termination is not among the torts for which the State of New Mexico has waived immunity under the Tort Claims Act.

#### 1.   Law enforcement officer

Plaintiff argues that Defendant Madrid is a law enforcement officer simply because various sources of New Mexico law describe the Attorney General as a law enforcement official or in some similar fashion. The Attorney General is a member of the "executive department." See, e.g., N.M. Const. art. V., § 1. She heads the Department of Justice. See N.M. Stat. Ann. § 8-5-

---

[3] Plaintiff's allegations in her complaint are rather imprecise and difficult to understand. For example, count I does not cite to section 1983 or indicate the capacities in which Defendants are sued, in spite of invoking federal and state constitutional rights to free speech. For another example, although Plaintiff drafted her complaint to include only two numbered counts, it is so unclear under which law Plaintiff's claims are brought that Plaintiff in her response to Defendant's motion characterized her complaint as having, in effect, three counts. (Pl's Resp. at 1-2.)

1.  Her duties include prosecuting civil and criminal cases to which the state is a party, id. § 8-5-2, and employing staff to assist in these prosecutions, id. § 8-5-5.  Cases have also described the Attorney General as a law enforcement officer.  See, e.g., State v. Armijo, 118 N.M. 802, 816, 887 P.2d 1269, 1283 (Ct. App. 1994) ("The attorney general is the State's highest ranking law enforcement officer . . . ."); Lyle v. Luna, 65 N.M. 429, 438, 338 P.2d 1060, 1066 (1959) ("[T]he attorney general, as the chief law officer of the state, was fully empowered to make any bona fide disposition of the cause as in his judgment might be deemed to be to the best interest of the state . . . .") (quotation and citation omitted).  However, the constitutional and statutory provisions which Plaintiff cites, and the caselaw upon which she relies, do not consider whether the Attorney General is a law enforcement officer in the context of the Tort Claims Act.

The Tort Claims Act defines a law enforcement officer as "any full-time salaried public employee of a governmental entity whose principal duties under law are [1] to hold in custody any person accused of a criminal offense, [2] to maintain public order or [3] to make arrests for crimes . . . ."  N.M. Stat. Ann. § 41-4-3(D) (1996 Repl.Pamp.)  Plaintiff next argues that Defendant Madrid is a law enforcement officer as that term is used in section 41-4-3(D) because she is a public official whose principal duties are to maintain public order.  Relatively recently, the New Mexico Court of Appeals surveyed the law concerning this issue.

> In interpreting the Tort Claims Act our appellate courts have repeatedly found that a connection to law enforcement activity, even being a member of the law-enforcement team, is insufficient by itself to make one a law enforcement officer; the person's duties must directly impact public order.  See[,] e.g., . . . Anchondo v. Corrections Dep't, 100 N.M. 108, 109-11, 666 P.2d 1255, 1256-58 (1983) (secretary of corrections department and warden of state penitentiary, which does not confine persons *accused* of crime, not included); Coyazo v. State, 120 N.M. 47, 49-51, 897 P.2d 234, 236-38 (Ct.App.1995) (district attorney and staff not included); Dunn v. State ex rel. Taxation & Revenue Dep't, 116 N.M. 1, 4, 859 P.2d 469, 472 (Ct.App.1993) (director of motor vehicle division not

<blockquote>
included); Vigil v. Martinez, 113 N.M. 714, 720-21, 832 P.2d 405, 411-12 (Ct.App.1992) (probation and parole officers and their supervisors not included); cf. California First Bank [v. State, 111 N.M. 64, 68, 801 P.2d 646, 650 (1990)] (waiver of immunity does not extend to those "whose conduct concurrently caused the non-immune act of a law enforcement officer."); Baptiste [v. City of Las Cruces, 115 N.M. 178, 181, 848 P.2d 1105, 1108] (remanding to determine whether animal control officer's duties include maintaining public order). Those who have been found to satisfy the statutory definition have been traditional law enforcement officers and those whose duties are clearly encompassed by the statutory definition. See Methola v. County of Eddy, 95 N.M. 329, 332, 622 P.2d 234, 237 (1980) (sheriff, deputies, and jailers); Abalos v. Bernalillo County Dist. Atty's Office, 105 N.M. 554, 560, 734 P.2d 794, 800 (Ct.App.1987) (director of a county detention center).
</blockquote>

Dunn v. McFeeley, 127 N.M. 513, 520, 984 P.2d 760, 767 (Ct. App. 1999). The New Mexico Court of Appeals in Dunn applied this backdrop to conclude that medical examiners, whose duties included examining and evaluating physical crime evidence, were not law enforcement officers within the scope of section 41-4-3(D). Although "[u]ltimately such work helps in maintenance of public order by leading to the apprehension and conviction of the guilty and the exculpation of the innocent[,] that connection is too indirect to satisfy the statutory definition." Id. Applying Dunn and the cases cited in it, I conclude that Defendant Madrid is not a law enforcement officer as that term is defined in the New Mexico Tort Claims Act. If prison wardens, probation and parole officers, and, especially, district attorneys are not law enforcement officers within the language of section 41-4-3(D), then neither is Defendant Madrid, New Mexico's Attorney General.

### 2. Tort of wrongful termination and the Tort Claims Act

Section 41-4-12 waives immunity for "[1] assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, [2] violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico" when any of these wrongs are inflicted by a law

enforcement officer acting within the scope of his or her duties.  N.M. Stat. Ann. § 41-4-12 (1996 Repl. Pamp.).  Even if Defendant Madrid could be considered a law enforcement officer under the New Mexico Tort Claims Act, Plaintiff still will have no valid claim against her because the tort of wrongful termination is not among those for which the State of New Mexico has waived its immunity.  First, wrongful termination is conspicuously absent from the list of torts that comprises the first part of section 41-4-12.  Second, as a tort, wrongful termination cannot properly be included under the second part of section 41-4-2, i.e., the rubric of rights, privileges, or immunities secured by constitutions or law.  Third, New Mexico state courts have declined to adopt the exception Plaintiff seeks.  See Silva v. Town of Springer, 121 N.M. 428, 435, 912 P.2d 304, 311 (Ct. App. 1996) (holding that wrongful discharge in violation of public policy is not included among recognized exceptions to immunity in Tort Claims Act).  To the extent Pike v. Gallagher, 829 F. Supp. 1254, 1280 (D.N.M. 1993) implies otherwise, I decline to follow it.[4]

### C. Violation of rights protected by the New Mexico Constitution

Plaintiff seeks damages in count I to redress alleged violations of federal and state constitutional rights to speak freely.  Plaintiff recognizes, at least in her response, that 42 U.S.C. § 1983 enables her federal, but not her state, constitutional claim.

Plaintiff is mistaken if she believes that she can invoke this court's supplemental jurisdiction to sue for damages based on an alleged violation of the New Mexico Constitution, without more.  Plaintiff may only sue for damages for violations of the New Mexico Constitution

---

[4] Having found in the Tort Claims Act and Silva authority for the conclusion that the Tort Claims Act bars Plaintiff's wrongful discharge claim against Defendant Madrid, and having found for Defendant Madrid on this point, I decline to adopt Defendant Madrid's alternative request that I invoke N.M. Stat. Ann. § 39-7-4 (2000 Cum. Supp.) to certify the question to the New Mexico Supreme Court.

when New Mexico has waived immunity.  See Chavez v. City of Albuquerque, 124 N.M. 479, 482, 952 P.2d 474, 477 (Ct. App. 1997); Ford v. New Mexico Dept. of Public Safety, 119 N.M. 405, 412, 891 P.2d 546, 553 (Ct. App. 1994); see also DeVargas v. State ex rel. New Mexico Dept. of Corrections, 97 N.M. 563, 564, 642 P.2d 166, 167 (1982) (finding that section 41-4-12 is analogous to 42 U.S.C. § 1983).  Plaintiff points to no waiver in the Tort Claims Act or to any similar mechanism permitting a damages claim against Defendant Madrid for violation of the New Mexico Constitution.

    IT IS THEREFORE ORDERED THAT Defendant Madrid's motion to dismiss certain claims in Plaintiff's complaint with respect to her is granted.

    */s/ James A. Parker*
    **CHIEF UNITED STATES DISTRICT JUDGE**