IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GLORIA ORTEGA,**

    **Plaintiff,**

v.                                                    **CIV. No. 00-1414 JP/RLP**

**PATRICIA MADRID, ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO, in her
individual and official capacities and SANDRA
WATTS, in her individual and official capacities,**

    **Defendants**.

## MEMORANDUM OPINION AND ORDER

On May 4, 2001 Defendant Watts filed a motion to dismiss (Doc. No. 24) under Federal Rule of Civil Procedure 12(b)(6).  Defendant Watts' motion, which is actually one for partial dismissal, will be granted.

Defendant Watts is an Assistant Attorney General and was Plaintiff's supervisor in the New Mexico Attorney General's office.  Defendant Watts moves to dismiss (1) a claim against her in her official capacity under 42 U.S.C. §1983 for money damages, (2) a claim for wrongful termination, and (3) a claim for an alleged violation of the New Mexico Constitution.  Plaintiff made these same claims against New Mexico Attorney General Patricia Madrid too.  On December 15, 2000 Defendant Madrid moved to dismiss these claims with a motion and briefs in support that are substantively indistinguishable from Defendant Watts' May 4, 2001 motion and briefing.  Compare Doc. Nos. 9, 10, and 12 with Doc. Nos. 24, 25, and 27.  Moreover, Defendant Madrid sought dismissal of these claims for the same reasons and under the same theories that Defendant Watts advanced.  Id.  Still further, Plaintiff responded to Defendant Watts' motion in

the same manner in which she responded to Defendant Madrid's motion.  <u>Compare</u> Doc. No. 11 <u>with</u> Doc. No. 26.  In a Memorandum Opinion and Order filed on March 6, 2001, I granted Defendant Madrid's motion.  Doc. No. 19.  The relevant law has not changed since then.  The only thing different about Defendant Watts' motion is the fact that Defendant Watts is not Attorney General but rather is an Assistant Attorney General.  Nevertheless, there is no reason why this distinction leads to a conclusion different from that which I reached with respect to Defendant Madrid.  Thus, Defendant Watts' motion to dismiss should be granted for the reasons explained in the Memorandum Opinion and Order filed on March 6, 2001.

    IT IS THEREFORE ORDERED THAT Defendant Watts' motion to dismiss certain claims in Plaintiff's complaint with respect to her is granted.

*[signature: James A. Parker]*

**CHIEF UNITED STATES DISTRICT JUDGE**